UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN RODGERS,<br><br>    Plaintiff,<br><br> v.<br><br>WELLS FARGO BANK N.A.,<br><br>    Defendant. | Case No. 3:25-cv-05383<br><br>ORDER DENYING MOTION FOR EMERGENCY RELIEF |

## I. ORDER

**A. Plaintiff has not shown that he is entitled to emergency relief.**

Pro se Plaintiff Bryan Rodgers has submitted an emergency motion requesting that the Court "enjoin Defendant Wells Fargo Bank N.A. ("Wells Fargo"), and non-parties Fannie Mae, Mortgage Connect LP, and TwinStar Credit Union from destroying, deleting, or altering time-sensitive financial records related to the promissory note" at issue in this case. Dkt. 8 at 1. Mr. Rodgers filed a complaint on May 6, 2025, and then filed an amended complaint thirteen days later. Dkt. 1; Dkt. 7.

The amended complaint asserts that Wells Fargo fraudulently concealed material facts related to a promissory note that Mr. Rodgers had executed, and that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 1

Washington Consumer Protection Act ("CPA") by failing to provide requested documents. Dkt. 7 at 17–21. Mr. Rodgers seeks equitable accounting and declaratory relief with respect to the "legal rights and obligations of the parties as to the enforceability of the Note, the existence of any lawful Holder in Due Course, and the authority of any party to accept payment, report interest income, or initiate collection." *Id.* at 22.

The standards that govern temporary restraining orders ("TRO") are "substantially similar" to those that govern preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing for each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additional requirements are imposed on TROs that are granted "*ex parte*", or without notice to the other party—which is the type of relief Mr. Rodgers seeks here. Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Washington State Dep't of Health*, No. C08-5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008). "To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required." *Id.* And Local Civil Rule 65(b)(1) adds that "[m]otions for [TROs] without notice to

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 2

and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974), the Supreme Court explained that circumstances justifying an *ex parte* TRO are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Mr. Rodger's motion does not meet this high bar. Mr. Rodgers seeks an *ex parte* TRO based on a risk of document spoliation. Dkt. 8. Document spoliation, however, is a risk in all litigation that can be mitigated by taking certain measures. For example, a party may issue a litigation hold—which Mr. Rodgers has stated he intends to do—that puts the opposing party on notice of their duty to preserve all potentially relevant evidence. *Id.* at 7; *see Leon v. IDX Sys. Corp.*, No. C03-1158 P, 2004 WL 5571412, at *3 (W.D. Wash. Sept. 30, 2004), *aff'd*, 464 F.3d 951 (9th Cir. 2006) ("A litigant or potential litigant is under a duty to preserve evidence in his possession that he knows or should know is relevant to litigation or which might lead to the discovery of admissible evidence."). And if a party fails to comply with its preservation duties, the Court may impose sanctions to remedy the loss of evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence.").

Here, Mr. Rodgers has not explained why these mechanisms are insufficient to address the risk of document spoliation. *See generally* Dkt. 8. Nor has he shown that he has met the standard for issuing an *ex parte* TRO. To start, Mr. Rodgers alleges that Wells Fargo's

"inconsistent disclosures and non-responses" violate RESPA, TILA, and the Washington CPA. Dkt. 8 at 4–5. Mr. Rodgers also alleges that Wells Fargo omitted "chain-of-title and funding records" despite his written requests which "contradicts disclosure duties[.]" *Id.* at 4. While Mr. Rodgers has filed exhibits documenting his attempts to seek records, *see* Dkt. 8-2; Dkt. 8-3, at this stage, he has not provided evidence that would establish a likelihood that Wells Fargo engaged in unlawful conduct. *See Geo Group, Inc.*, 50 F.4th at 753.

Next, Mr. Rodgers contends that if his motion is not granted, Wells Fargo and other non-parties may delete the relevant records because they are subject to a five-year retention period expiring on June 8, 2025. Dkt. 8 at 5. But, as explained above, Mr. Rodgers has not established a risk of irreparable harm because there is no evidence that the parties will not comply with the litigation hold or that the Court will be unable to impose appropriate sanctions if document spoliation does occur. *See Geo Group, Inc.*, 50 F.4th at 753.

Finally, the balance of equities does not tip in Mr. Rodgers' favor and the public interest is not supported by granting this motion. Discovery issues may be resolved as the litigation proceeds and a "TRO is not the proper means by which to obtain 'fact' discovery." *Thompson v. Mukilteo Sch. Dist. No. 6*, No. 2:25-CV-00529-JNW, 2025 WL 987130, at *3 (W.D. Wash. Apr. 2, 2025). The Federal Rules of Civil Procedure "permit parties to request documents, ask written questions, conduct depositions, and examine physical evidence, with courts balancing the need for information against burdens of production." *Id.* "This process helps level the playing field by ensuring both sides have access to necessary information before trial, reducing surprises and encouraging settlements." *Id.* Mr. Rodgers has not shown a need to bypass the ordinary course of discovery and issue an *ex parte* TRO.

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 4

Mr. Rodgers' motion for an *ex parte* TRO (Dkt. 8) is thus DENIED. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of May, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR EMERGENCY RELIEF - 5