UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN RODGERS,<br><br>                    Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK NA,<br><br>                    Defendant. | Case No. 3:25-cv-05383<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.   ORDER

Before the Court is Plaintiff Bryan Rodgers' motion for reconsideration (Dkt. 45) of the Court's Order granting Defendant Wells Fargo Bank N.A.'s motion to dismiss, *see* Dkt. 43. Mr. Rodgers argues that the Court erred by adopting Wells Fargo's mischaracterizations of his claims. Dkt. 45. For example, Mr. Rodgers contends that the Court incorrectly framed his claims as arising from the securitization of his mortgage loan, which "sidesteps the actual theory of origination-stage (initial transaction) misconduct[.]" *Id.* at 3. Mr. Rodgers also maintains that his First Amended Complaint ("FAC") and proposed Second Amended Complaint ("SAC") "make no chain-of-title challenge" but instead "allege absence of lawful consideration and undisclosed

ORDER DENYING MOTION FOR RECONSIDERATION - 1

third-party funding at origination [initial transaction]." *Id.* at 4. Finally, Mr. Rodgers argues that dismissing his FAC without granting leave to file his SAC constitutes reversible error. *Id.* at 6.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Mr. Rodgers' motion does not meet the standard for reconsideration. First, Mr. Rodgers' argument that the Court "mischaracterized" his claims is incorrect and does not show clear error. The FAC alleged that Mr. Rodgers made regular payments towards his loan "under protest" because "Defendant concealed material facts regarding the Note's endorsement, custodial status, funding source, and legal transfers, which were essential to determining its enforceability and the identity of any party with authority to enforce it." Dkt. 7 ¶¶ 11, 29. Though Mr. Rodgers argues that the FAC challenges the "origination-stage (initial transaction) misconduct" and not the securitization of the loan, *see* Dkt. 45 at 3, all of the alleged misconduct (including an undisclosed WITHOUT RECOURSE endorsement) relates to Wells Fargo's assignment of his

ORDER DENYING MOTION FOR RECONSIDERATION - 2

note to Fannie Mae without his knowledge. *See, e.g.,* Dkt. 7 ¶ 30 ("At the time the Note was executed, Defendant failed to disclose the existence of, or intention to create, a self-directed, non-recourse endorsement (Exhibit D), which facilitated the Note's use as pledged collateral for Federal Reserve advances without evidencing a legal transfer to Fannie Mae, despite Defendant's later admission of Fannie Mae's ownership (Exhibit G).").

Second, to the extent that Mr. Rodgers' claims did not arise out of the securitization of his loan, the Court concluded that he failed to plausibly plead fraudulent concealment, Washington Consumer Protection Act ("CPA"), Truth in Lending Act ("TILA"), and Real Estate Settlement Procedures Act ("RESPA") claims. *See* Dkt. 43 at 12, 13–14, 16–17, 17–21. The Court explained that the promissory note Mr. Rodgers had signed expressly acknowledged, "I understand that the Lender may transfer this Note. . . . anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the '*Note Holder*.'" *Id.* at 12 (quoting Dkt. 7-2 at 26). Because Mr. Rodgers had agreed to Wells Fargo's transfer of the note, Mr. Rodgers did not sufficiently plead a fraudulent concealment or CPA claim. *Id.* at 12, 14. Mr. Rodgers' TILA claim also failed because he conceded in his FAC that Wells Fargo at origination correctly identified itself as the creditor as required under TILA. *Id.* at 17. Finally, the Court concluded that Mr. Rodgers failed to plead a RESPA claim because his requests for information were outside the scope of Wells Fargo's RESPA obligations. *Id.* at 21. Thus, to the extent that Mr. Rodgers' FAC raised claims outside of the securitization process, he did not allege facts that would "provide the grounds of his entitlement to relief[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Third, though Mr. Rodgers claims that his SAC "directly addresses the plausibility and standing concerns," Dkt. 45 at 5, he does not explain how the proposed complaint cures any of the defects described in the Court's prior order, *see* Dkt. 43. The proposed SAC instead

ORDER DENYING MOTION FOR RECONSIDERATION - 3

substantively raises the same allegations and claims while also adding three new causes of action. *See* Dkt. 45-3. Mr. Rodgers has already amended his complaint once, and while pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," amendment will not be allowed if it would be futile. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Considering the arguments presented in Mr. Rodgers' motion for reconsideration, there is no clear error in the Court's order granting Wells Fargo's motion to dismiss. The motion for reconsideration (Dkt. 45) is thus DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of September, 2025.

Tiffany M. Cartwright
United States District Judge